## KIMBALL *vs.* EATON.

A voluntary conveyance is good against an heir at law.

It is to be presumed that a grantor knew the contents of the deed he executed, until evidence to the contrary is offered.

An heir cannot avoid the deed of his ancestor by shewing that the grantor was old and infirm; that the deed was not read to him at the time of its execution; that no consideration was paid; and that the grantor remained in possession until his decease.

WRIT OF ENTRY, to recover one undivided eighth part of two tracts of land in Sutton.

The tenant pleaded the general issue.

The demandant offered in evidence a title in one Caleb Kimball, and proved that said Caleb remained in possession until his decease a few years since, and that he left eight children, of whom the demandant is one.

The tenant, who is a grandson of said Caleb, claimed the premises by virtue of a deed from said Caleb, dated Oct. 25, 1820, duly acknowledged and recorded.

One of the subscribing witnesses to said deed testified to its execution, and that he saw said Caleb make his mark to

the same. He further testified that said Caleb was then old and infirm ; that the deed was not read to him, so far as the witness recollected ; and that no consideration was paid at the time of its execution, or at any other time, to his knowledge. No other evidence was offered ; and the demandant contended that the above was not sufficient evidence of a conveyance to pass the title.

A verdict was taken for the tenant, subject to the opinion of this court upon the foregoing case.

*W. Tappan*, for the demandant.

*H. B. Chase*, for the tenant.

Green, J. The deed from Caleb Kimball to the tenant was executed and acknowledged by him, and no circumstances are proved indicating fraud or imposition. An heir cannot avoid a deed by proving that the grantor was old and infirm ; that the deed was not read, so far as the subscribing witness had knowledge ; and that he saw no money paid. Nor will it affect the case to add, that the grantor died in possession.

If the deed was a voluntary conveyance, it is good against the heir ; and it is to be presumed that the grantor knew what he signed, until the contrary appears by some better evidence than the testimony of a subscribing witness that he did not recollect that the deed was read to him.

If there was any direct testimony to show fraud and imposition upon the grantor, the evidence in this case might be weighed along with such testimony, and would then be deserving of much consideration. But the demandant does not seem to have attempted to show fraud ; and all the evidence in the case is perfectly consistent with the supposition that the grandfather made a voluntary conveyance to his grandson, the tenant, with an understanding between them that he should remain in possession during his life. Cred-

itors might well object to such a conveyance ; but it is valid against the heir at law. *Rob. on Fraud. Con.* 646.

*Judgment for the tenant.*